Eastern District of Kentucky
TENDERED
Date: 10-25-05
LESLIE G. WHITMER
CLERK, U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**LONDON**

Eastern District of Kentucky
FILED
FEB 1 4 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

**CRIMINAL ACTION NO. 05-30-SSS-DCR**

**UNITED STATES OF AMERICA**                              **PLAINTIFF**

V.                     <u>**PLEA AGREEMENT**</u>

**JENNINGS B. WHITE,**                                       **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11, the Defendant will enter a guilty plea to Counts 2, 4, 5, 27, 28, 30, 35, and 36, of the Indictment, charging violations of 21 U.S.C. §§846, 853, and 18 U.S.C. §§1512(k), 1956(h), 1956(a)(1)(B)(i), 1956(a)(1)(B)(ii), 2232(a), 982. The United States will move at sentencing to dismiss Count 1.

2. As to Counts 2, 4, 5, 27, 28, 30, 35, and 36, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

    (a) The defendant, Jennings B. White, during dates charged in the indictment conspired with those listed in the indictment to possess with intent to distribute and to distribute over 1000 kilograms of marijuana. The parties agree that 1000 kilograms of marijuana was foreseeable to the defendant. On or about April 10, 2005, the defendant, Jennings White, furthered the conspiracy by the acts enumerated below. On or about April 10, 2005, Jennings White, conducted a financial transaction by receiving the two automobiles and titles to the automobiles from Kenneth Day for the purpose of promoting, concealing, and disguising their nature, ownership and control from law enforcement. On or about April 14, 2005, the defendant, Jennings White, conspired with Kenneth Day to approach Vernon

Hacker, the 911 director in Clay County, and offer Hacker a bribe to obtain the 30 pounds of marijuana seized from Thomas Effler on April 9, 2005. The defendant, Jennings White, subsequently approached Hacker with the plan but was unsuccessful as he learned from Hacker that the evidence was secured by the Kentucky State Police and not the Manchester Police Department. During 2004, exact date unknown, the defendant, Jennings White, at the request of Kenneth Day contacted Sheriff Ed Jordan, Clay County Sheriff, and set up a meeting with Kenneth Day. Day advised White that he was concerned about UNITE officers working in the area and a possible detection of his drug operation. White set up the meeting in which Day discussed his concern and was told by Sheriff Jordan that he knew of no problems. On or about April 28, 2005, the defendant, Jennings White, telephoned Rodney Day at KD's Pawnshop advising him of suspected police cars parked alongside Highway 80 in an effort to warn Kenneth Day of a possible arrest and seizure.

(b) The defendant, Jennings B. White, during dates charged in the indictment conspired with those listed in the indictment to launder drug proceeds by conducting financial transactions in criminally derived property of a value over $10,000, which was known by the defendant to be proceeds from drug trafficking, with the intent to promote, conceal and disguise the nature, location, source, ownership and control of proceeds of drug trafficking. On or about October 20, 2003, the defendant, Jennings B. White, knowingly laundered drug proceeds for Kenneth Day and his associates by exchanging checks written on the accounts of J & B Games/ Jennings B. White, and with the intent to conceal the transaction by stating that the checks were for the purchase of coins. The defendant, Jennings B. White, exchanged $20,000 in checks for $24,000 U.S. currency that was drug proceeds. Kenneth Day and Terry Holland each paid the defendant $12,000 each. On or about April 10, 2005, the defendant, Jennings B. White, laundered drug proceeds for Kenneth Day and his associates by knowingly and willfully conducting a financial transaction by the transfer and delivery of two automobiles and titles therto (which represented approximately $150,000 in drug proceeds) to the defendant, Jennings White by Kenneth Day which involved drug proceeds. The defendant conducted the transaction knowing it was designed in whole and in part to conceal and disguise the nature, location, source, ownership and control of the drug proceeds and the defendant knew that these two automobiles represented drug proceeds from an earlier drug transaction between Kenneth Day and Robert Demling. In an earlier transaction, Jennings White sold a 1955 Chevy to Robert Demling and Kenneth Day advised White that Demling was good for the car as Demling had just picked up 300 pounds of marijuana from Day. White was later paid $25,000 in cash for the 55 Chevy by Kenneth Day. On or about March 22,

2005, the defendant, Jennings B. White, contacted the defendant, Kenneth Day, and attempted to launder $18,346.47 on a check made payable to Jennings White. The FBI captured the conversation during the wiretap in which the offer to launder the money was made by the defendant, Jennings B. White. On or about March 22, 2005, the defendant, Jennings B. White, attempted to launder drug proceeds for Kenneth Day in order to have funds to purchase a piece of real property from Earl and Lucy McDaniel. The transaction involved the purchase price of $25,000.

4. The maximum statutory punishment is imprisonment for **Counts 2 is:** Not less than 10 years not more than life imprisonment, not more than $4,000,000 fine, and not less than 5 years supervised release. **If prior felony drug conviction:** Not less than 20 years not more than life imprisonment, not more than $8,000,000 fine, and not less than 10 years supervised release. Counts 4, 5, 27 and 28, the maximum punishment is not more than 20 years imprisonment, and not more than $500,000 fine or both. Count 30 the maximum punishment is not more than 5 years imprisonment, not more than $250,000 fine and not more than 3 years supervised release. Counts 35 and 36 require forfeiture of all assets. A mandatory special assessment of $100 per count applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

5. The United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to other calculations. This recommendation does not bind the Court.

   (a) Pursuant to U.S.S.G. § 3E1.1, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty. This recommendation is made provided Defendant does not engage in future conduct which violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and Defendant will not be allowed to withdraw his plea.

  6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

  7. The Defendant will not file a motion for a decrease in the offense level pursuant to U.S.S.G. § 4A1.3 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K. The Defendant will not initiate any proceedings in state court seeking to set aside or expunge any criminal convictions.

  8. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea and conviction. The Defendant also waives the right to appeal and the right to attack collaterally any sentence, including any order of restitution, that does not exceed 120 months of imprisonment.

  9. The Defendant will cooperate fully with the United States in the investigation and prosecution of the matters in the Indictment and all related matters, including testifying in all proceedings. All statements and testimony that the Defendant provides must be truthful, and this Agreement does not preclude the prosecution of the Defendant

for perjury or making false statements. If requested by the United States, the Defendant will submit to a polygraph examination by an examiner selected by the United States. If the Defendant provides substantial assistance in the investigation or prosecution of other persons who have committed an offense, the United States will file a motion for a downward departure pursuant to U.S.S.G. § 5K1.1. The determination as to whether the Defendant provided substantial assistance is solely within the discretion of the United States.

10. The defendant agrees to a forfeiture judgment of $650,000.00 to be satisfied by the sale of his residential real property as a substitute asset to be applied to the judgment, and further that he will pay the difference between the net proceeds from the sale of the real property and the judgment of $650,000.00 to be paid on or before the date of sentencing. Should the defendant not make required payment, the United States will seek to forfeit any of the defendant's property up to the entire value of $10,000,000.00.

11. After pleading guilty, the Defendant will make a full and complete financial disclosure to the United States and will assist the United States in the gathering of all financial information. The Defendant will complete and sign a financial disclosure statement or affidavit, will sign financial releases prepared by the United States, and will submit to a deposition in aid of collection at times and places that the United States directs.

12. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

13. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

14. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

15. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

GREGORY F. VAN TATENHOVE
UNITED STATES ATTORNEY

Date: 10/25/05        By: /s/ Stephen C. Smith
                          Stephen C. Smith
                          Assistant United States Attorney

Date: 25 OCT 05            /s/ Jennings B. White
                          Jennings B. White
                          Defendant

Date: _____          _____
                                Scott Cox, Esquire
                                Attorney for Defendant

Date: _____          _____
                                David L. Williams, Esquire
                                Attorney for Defendant

APPROVED, this _14th_ day of _February_, 2006.

_____
DANNY C. REEVES, JUDGE