MAY 2 2 2006

1    UNITED STATES DISTRICT COURT
     EASTERN DISTRICT OF KENTUCKY
2              AT LONDON

3    CRIMINAL NO. 05-30-SS              **ORIGINAL**

4    _____

5    UNITED STATES OF AMERICA,

6
            PLAINTIFF,                  Eastern District of Kentucky
7                                            FILED
     VS.
8                                       MAY 2 2 2006

9    TERRY HOLLAND;                         AT LEXINGTON
     JAMES HENRY DAVIDSON, JR.,          LESLIE G WHITMER
10   a/k/a Jim;                       CLERK U S DISTRICT COURT
     MARK EDWARD BAIRD;
11   STEVEN NEAL DAVIDSON,
     a/k/a Skull;
12   RANDY SALYERS;
     MELVIN COUCH,
13   a/k/a Dropsey;
     CHARLES HARVEY LEWIS;
14   ROBERT N. DEMLING;
     MICHELLE L. SMITH;
15   and JENNINGS B. WHITE,

16         DEFENDANTS.

17
                 * * * * * * * * * *
18

19        The following is a transcript of the Pretrial

20   Conference, which was held on August 31, 2005, in

21   London, Kentucky, before The Honorable Danny C.

22   Reeves, taken by Sandy C. Wilder, RMR, CSR (IL),

23   CCR (KY), Court Reporter.

24
                 * * * * * * * * * *
25

 1

 2                         APPEARANCES:

 3                    Hon. Stephen C. Smith
                     Hon. Gregory A. Ousley
            ASSISTANT UNITED STATES ATTORNEYS
 4                    601 Meyers Baker Road
                           Suite 200
 5                 London, Kentucky   40741
                        (606)864-5523
 6
                    ATTORNEYS FOR THE
 7               UNITED STATES OF AMERICA

 8                  Hon. James E. Hibbard
                      ATTORNEY AT LAW
 9                   120 East 2nd Street
                   London, Kentucky   40741
10                      (606)864-8755

11               ATTORNEY FOR DEFENDANT
                      TERRY HOLLAND
12
                    Hon. Eric S. Edwards
13          ERIC S. EDWARDS & ASSOCIATES, LLC
                    333 North Main Street
14                         Suite C
                   London, Kentucky   40741
15                      (606)862-8529

16               ATTORNEY FOR DEFENDANT
                 JAMES HENRY DAVIDSON, JR.
17
                 Hon. Jennifer S. Nicholson
18                    ATTORNEY AT LAW
                   105 South Broad Street
19                      P. O. Box 2636
                 London, Kentucky   40743-2636
20                      (606)877-6677

21               ATTORNEY FOR DEFENDANT
                    MARK EDWARD BAIRD
22

23

24

25

1

APPEARANCES (Cont.)

2

Hon. John P. Chappell
3            ATTORNEY AT LAW
          105 South Broad Street
4              P. O. Box 973
          London, Kentucky  40743-0973
5              (606)864-3377

6          ATTORNEY FOR DEFENDANT
            STEVEN NEAL DAVIDSON
7

Hon. Willis G. Coffey
8            COFFEY & FORD, PSC
           45 East Main Street
9              P. O. Box 247
          Mt. Vernon, Kentucky  40456
10             (606)256-4405

11         ATTORNEY FOR DEFENDANT
              RANDY SALYERS
12

Hon. Timothy N. Despotes
13           ATTORNEY AT LAW
          218 South Porter Plaza
14        Richmond, Kentucky  40475

15         ATTORNEY FOR DEFENDANT
              MELVIN COUCH
16

Hon. David S. Hoskins
17           ATTORNEY AT LAW
           107 East 1st Street
18         Corbin, Kentucky  40701
               (606)526-9009
19

ATTORNEY FOR DEFENDANT
20          CHARLES HARVEY LEWIS

21         Hon. Barbara Carr Carnes
             ATTORNEY AT LAW
22            60 Pinnacle Drive
          Corbin, Kentucky  40701
23             (606)439-4509

24         ATTORNEY FOR DEFENDANT
              ROBERT N. DEMLING
25

APPEARANCES (Cont.)

Hon. William G. Crabtree
CRABTREE & GOFORTH
120 East 4th Street
London, Kentucky 40741-1414
(606)878-8888

ATTORNEY FOR DEFENDANT
ROBERT N. DEMLING

Hon. Paul K. Croley, II
LAW OFFICES OF PAUL K. CROLEY, II
105 North Main Street
London, Kentucky 40741
(606)862-4800

ATTORNEY FOR DEFENDANT
MICHELLE L. SMITH

Hon. Scott C. Cox
COX & MAZZOLI
730 West Main Street
Suite 200
Louisville, Kentucky 40202
(502)589-6190

Hon. B. Robert Stivers, II
STIVERS LAW OFFICE
413 West 3rd Street
P. O. Box 326
London, Kentucky 40743-0326
(606)864-2203

Hon. David L. Williams
LAW OFFICE OF DAVID L. WILLIAMS
P. O. Box 666
Burkesville, Kentucky 42717
(270)864-5636

ATTORNEYS FOR DEFENDANT
JENNINGS B. WHITE

1          THE COURT:   Thank you.   Good morning,
2     everyone.
3          Madam Clerk, if you could call the
4     matter scheduled for 10:00, please.
5          THE CLERK:   Yes, Your Honor.   London
6     Criminal Number 05-30-SS, United States of
7     America versus Terry Holland; James Henry
8     Davidson, Jr., a/k/a Jim; Mark Edward Baird;
9     Steven Neal Davidson, a/k/a Skull; Randy
10    Salyers; Melvin Couch, a/k/a Dropsey; Charles
11    Harvey Lewis; Robert N. Demling; Michelle L.
12    Smith; and Jennings B. White.
13         THE COURT:   Thank you.   And if
14    counsel could state their appearances.   What
15    I'll do, so we don't have a problem here is as
16    I name each defendant, if their attorney could
17    please state his appearance.
18         First, Mr. Smith, on behalf of the
19    United States.
20         MR. SMITH:   Good morning, Your
21    Honor.   Stephen Smith here on behalf of the
22    United States.
23         THE COURT:   All right.   Thank you.
24         MR. SMITH:   And with me here is Greg
25    Ousley also.

1          THE COURT:  Thank you.  Good

2     morning.  Now, let's see, is Mr. Holland's

3     counsel here, Mr. Hibbard?

4          MR. HIBBARD:  Good morning, Your

5     Honor --

6          THE COURT:  Yes.

7          MR. HIBBARD:  -- James Hibbard for

8     Terry Holland.

9          THE COURT:  All right.  Thank you.

10    And Mr. James Davidson's attorney,

11    Mr. Edwards.

12         MR. EDWARDS:  Morning, Your Honor,

13    here for Mr. Davidson.

14         THE COURT:  Thank you.  And then Mark

15    Baird's counsel, Ms. Nicholson?

16         MS. NICHOLSON:  Jennifer Nicholson on

17    behalf of Mr. Baird, Your Honor.

18         THE COURT:  Thank you.  And

19    Mr. Steven Davidson's counsel, Mr. Chappell?

20         MR. CHAPPELL:  Yes, Your Honor.  John

21    Chappell for Steve Davidson.

22         THE COURT:  Mr. Salyers' counsel,

23    Mr. Coffey.

24         MR. COFFEY:  Willis Coffey for Randy

25    Salyers.

```
1              THE COURT:  Good morning.
2     Mr. Couch's counsel, Mr. Despotes?
3              MR. DESPOTES:  Yes, Your Honor,
4     Timothy Despotes for Melvin Couch.
5              THE COURT:  All right.  Thank you.
6     And Mr. Charles Lewis' counsel, Mr. Hoskins,
7     is he present?  All right.  Let's see.  Let me
8     make sure that Mr. Lewis -- Mr. Charles Lewis,
9     are you present?
10             MR. LEWIS:  Yes.
11             THE COURT:  Have you spoken with
12    Mr. Hoskins recently, your attorney?
13             MR. LEWIS:  I spoke to him yesterday
14    and he said he'd see me over here today.
15             THE COURT:  Okay.  We won't take up
16    anything that relates to you directly until he
17    gets here.
18             All right.  Mr. Demling's attorney,
19    Ms. Carnes and Mr. Crabtree?
20             MS. CARNES:  Barbara Carnes, Your
21    Honor, and Greg Crabtree.
22             THE COURT:  All right.  Thank you.
23    Ms. Smith's attorney, Mr. Croley.
24             MR. CROLEY:  Good morning, Your
25    Honor, Paul Croley on behalf of Michelle
```

1  Smith.

2  THE COURT: All right. And

3  Mr. White's counsel?

4  MR. COX: Good morning, Your Honor.

5  Scott Cox on behalf of Mr. White, along with

6  David Williams and Robert Stivers, and

7  Mr. White is present seated in the back.

8  THE COURT: All right. Thank you.

9  Let's see, I believe that's all the

10  defendants. Is there anyone that's present --

11  attorney present that I haven't called upon?

12  All right. Thank you. Well, if not,

13  we'll cover several procedural matters. And,

14  counsel, what I'm going to ask you to do so

15  our reporter can keep track of everything is

16  if you have a specific response, if you would

17  just come up to the podium or to one of the

18  other tables and just make sure you identify

19  yourself and who you represent before

20  responding. That way we can keep track of

21  things.

22  Now, in reviewing several of the

23  pleadings in this case, I do understand that

24  there may be a second superseding indictment

25  that may be returned in this matter.

1    Mr. Smith; is that correct?

2            MR. SMITH:  Your Honor, it's the

3    contention of the United States to proceed to

4    the grand jury with another superseding

5    indictment, which would actually be a third

6    superseding indictment in this case.  And

7    obviously, the next available grand jury is

8    tomorrow in Lexington.

9            THE COURT:  All right.  And your --

10   if you can state this, would your belief be

11   that it would add charges or additional

12   parties, or a combination of the two?

13           MR. SMITH:  It will be a combination

14   of the two additional charges on current

15   defendants, as well as additional defendants

16   to be added to the indictment, Your Honor.

17           THE COURT:  All right.  If that

18   occurs, now -- and I had indicated with some

19   of the motions to continue that have been

20   filed, that they were being denied without

21   prejudice, so the parties could raise those

22   issues today when I have a little better

23   handle on where we stood in terms of any

24   further superseding indictments in the case.

25           Let me first ask if any of the

1    defendants, if there is a superseding

2    indictment or a third superseding indictment

3    that's returned in this matter, if any

4    defendant would object to a continuance of the

5    trial and the final pretrial conference in the

6    case?  Mr. Coffe?

7             MR. COFFEY:  Your Honor, Willis

8    Coffey for Randy Salyers.

9             I have spoke with Mr. Salyers

10   repeatedly about this matter and he is simply

11   anxious to proceed to trial.

12            THE COURT:  And he's in custody,

13   right?

14            MR. COFFEY:  He is in custody, and

15   has been in custody from the beginning, and

16   would object to a continuance.

17            THE COURT:  All right.  Thank you,

18   Mr. Coffey.  Anyone else?  All right.

19            What I would anticipate is if a

20   superseding or a third superseding indictment

21   is returned in the case, I would be inclined

22   to reconsider the motion for a continuance

23   that has been filed, but would shorten the

24   continuance and try this case just as quickly

25   as possible.

1           And I will tell you now what I'm
2      looking at in terms of dates would be to
3      reschedule trial of this matter for November
4      9th.  Now, this may obviously depend upon the
5      number of parties that are added and the
6      number of claims or counts that may be
7      asserted in a case, so it's not a
8      hard-and-fast date.  But I'm looking at
9      November 9th, because my plan would be to try
10     to complete this trial by the end of the year
11     because I know that a number of attorneys have
12     other matters that are scheduled after the
13     first of the year, and if this matter gets put
14     off until January or February, then we're into
15     time that there would be a bad weather in the
16     area often, and there are a number of other
17     conflicts the parties would have a problem
18     moving things around.  And so rather than put
19     this case off until the springtime, my
20     intention would be to try this in November and
21     December.  Now, that's based upon earlier
22     estimates by the United States that I believe
23     that the matter could be tried in, Mr. Smith,
24     four to perhaps six weeks; is that a fair
25     estimate?

1       MR. SMITH:  Yes, Your Honor.  We're
2   still expecting more rearraignments in the
3   case potentially and that may be coming more
4   likely to be four weeks as opposed to six.
5       THE COURT:  All right.  Thank you.
6   Mr. Hibbard?
7       MR. HIBBARD:  James Hibbard, Your
8   Honor, for Terry Holland.  And if I'm not
9   mistaken, I believe that November 9th and 10th
10  is the local bar meeting where several of us
11  may have to be in order to preserve our
12  licenses.
13      THE COURT:  Okay.  Well, you may want
14  to get to some earlier meetings to get your
15  CLE credits in.
16      The problem that I have is if I
17  recognize all of the reasons that ordinarily
18  would be grounds to move things around, we're
19  not ever going to find a date to start the
20  trial.  So -- Mr. Hibbard, I'm not finished
21  yet.
22      MR. HIBBARD:  Oh, I'm sorry.
23      THE COURT:  So at this point, I'm
24  really looking and trying -- hoping to start
25  the case on November 9th, which would be a

1       Wednesday, to select the jury on the 9th, and

2       have opening statements on the 10th, and start

3       proof on the 11th, which would be that Friday,

4       so that's my intention at this time.

5                   MR. HIBBARD:  All right, sir.

6                   THE COURT:  All right.  Now, a couple

7       of things I do want to cover with the

8       attorneys while we are all here together

9       today.  I'm not going to cover all of the

10      issues that I typically would cover in the

11      final pretrial because of the likelihood of a

12      third superseding indictment being returned in

13      the case.  And some of these matters may

14      change, depending upon the number of

15      defendants that would go to trial in the

16      matter.  But I would like to use this

17      courtroom, if possible.  And if I'm able to

18      use this courtroom, it's easier for the jury

19      because they have screens that they can use to

20      view documents, and it does really help move

21      things along.  But in all likelihood, I will

22      have to move out a lot of the tables and put

23      in smaller tables with chairs so the attorneys

24      can be able to communicate with their clients

25      in the case.  I'm not going to reconfigure the

1    courtroom until I see exactly how many

2    defendants are likely to go to trial, but as

3    soon as that number is known, I will start to

4    work on that.

5         Also, if there are other matters that

6    are scheduled in the time that this case is

7    set for trial, if the attorneys have other

8    matters that are scheduled, you really need to

9    start looking at either moving to continue

10   those other matters or perhaps if they were my

11   cases, there's a good chance that I'll be

12   transferring some of those matters to other

13   judges, and so we need to try to work out any

14   conflicts just as soon as possible.

15   Mr. Hoskins, I see that you have appeared?

16        MR. HOSKINS:  I have finally arrived,

17   Your Honor.  I apologize for being late.

18        THE COURT:  All right.  Mr. Hoskins

19   is here on behalf of Mr. Lewis in the case.

20        Now, the next thing I do want to

21   mention, and, Mr. Hoskins, I don't want to

22   pick on you, but I will use you as an example

23   for this purpose.  And you can go ahead and be

24   seated.

25        In a case with multiple defendants,

1     it's very important that everyone be here on

2     time when we are scheduled to start.  So I'm

3     going to have to really hold everyone's feet

4     to the fire in terms of starting times.  I

5     will tell you that if you're late starting,

6     the first time there will be a fine, probably

7     a $100 fine.  If you're late a second time,

8     there will be more serious sanctions that will

9     be imposed.  I don't like to do that, I don't

10    want to do that, but once we start trial, we

11    really have to keep the case going and keep on

12    schedule.  So that would be my plan.

13          Also, I'm going to need to limit the

14    amount of redirect and recross and re-redirect

15    examination that takes place with witnesses.

16    So what I'm going to require the parties to do

17    on redirect or recross is before you begin any

18    additional examination, you need to advise me

19    of the areas that have been recently raised

20    that you want to go into.  If it's an area

21    that you've already covered, that's been

22    covered fully by everyone, then there's not

23    going to be a lot of second and third

24    opportunities to examine or cross-examine

25    witnesses.

1          We're also going to need to limit the
2     number of bench conferences in the case.
3     Preferably, if we can take things up before
4     the jury is brought in or in the afternoons,
5     that is my preference.  If not, you need to
6     let the Marshal know before the jury is
7     brought into the courtroom so we can conduct
8     any conferences in open court.  It's really
9     going to be impossible if we have ten parties
10    that go to trial and I think 14 or 15
11    attorneys in the courtroom for everyone to be
12    present for a bench conference, and so we need
13    to try to do as much as we can before the
14    jury's brought in or after the jury is excused
15    on breaks or at the end of the day.

16          If we have to have a bench conference
17    in the course of an examination of a witness,
18    then it may be necessary to move the jury out
19    of the courtroom, bring the jury back in.  And
20    that gets to be a little tedious for the
21    jury.

22          The other thing I'm going to do in
23    this case is I'm going to eliminate individual
24    voir dire conducted by the attorneys.  I'm
25    going to do it all myself.  That means that

1    you will need to submit at least ten days in
2    advance of trial any questions that you would
3    like me to ask in voir dire.  Please try to
4    submit questions that are questions that
5    should be asked as opposed to the laundry list
6    that I sometimes get when I ask voir dire
7    questions.  So you should really look at the
8    areas that affect your client and submit any
9    questions that you think are appropriate with
10   respect to your particular client.

11        With respect to addressing the Court,
12   addressing other attorneys in the case, I'm
13   going to ask the attorneys to use the podium
14   as opposed to just standing from counsel
15   table.  I'm also going to, once we know who
16   will be going to trial, I'm going to have name
17   plates put on the counsel table that will help
18   the court reporter identify attorneys and who
19   they represent.  And so you'll need to be
20   seated at a particular table once the trial
21   starts.  If the case proceeds slower than I
22   would expect, if we get to the Thanksgiving
23   break, we usually will take off Thursday and
24   Friday for Thanksgiving.  If the case is
25   moving along slower than I expect, we will be

1    here on Friday after Thanksgiving.  We may

2    also, if the case moves along slower than

3    expected, we also may have some Saturday

4    sessions as well.  In all likelihood, we would

5    not have court -- we will not have trial on

6    Monday mornings, and I would keep those Monday

7    mornings open for pretrial conferences and

8    sentencings in criminal matters, but I will in

9    all likelihood continue any civil matters that

10   are scheduled, pretrials, hearings in civil

11   cases, or those may be reassigned to other

12   judges.

13           With respect to the jury selection,

14   as I indicated just a moment ago, if we have

15   ten or more defendants that would go to trial

16   if the case lasted the length that it's

17   expected to last, I would likely seat six

18   alternates for trial.  And in all likelihood,

19   I would call in approximately 120 jurors and

20   we would do voir dire selection in two panels,

21   one panel in the morning, which would be trial

22   starts, if it were to start on November 9th,

23   it would be 9:00 a.m., and then we would call

24   the second panel in at 1:30 in the afternoon.

25   We could go through challenges for cause, with

1    both sessions with both panels and then we

2    would call those that remain in the afternoon

3    to do the final jury selection. So I would

4    anticipate that we would actually seat the

5    jury on the first day we would have opening

6    statements, and, Mr. Smith, there may be

7    changes to this, but at this point, how long

8    would you anticipate you would need for your

9    opening statement?

10          MR. SMITH: Judge, I'd like to say 45

11    minutes, but in looking at the case, I think

12    that I would ask an hour and a half.

13          THE COURT: All right. Well, based

14    on my review of the case and what I know about

15    the case at this point, I would anticipate

16    giving the United States an hour and a half

17    for opening and give each defendant at least

18    30 minutes for their opening, unless they feel

19    like they need more than that. But that

20    basically gives us one day for opening

21    statements.

22          Is there any defendant or counsel

23    that believes that they would need more than

24    30 minutes for their opening in the case? Of

25    course, this isn't -- this won't be etched in

1    stone at this point, but that's my
2    expectation.  We can discuss this in more
3    detail later.
4             I would also anticipate giving
5    additional peremptory challenges.  If we do
6    have the number of defendants that we have in
7    the case at this point that go to trial, I
8    would give the defendants for the regular
9    panel and I will select the regular panel and
10   the alternates separately.  But we would
11   have -- the defendants would have 15
12   peremptory challenges and the United States,
13   nine peremptory challenges to use against the
14   full panel, and with six alternates, that
15   would mean that each -- the United States and
16   the defendants would each get three challenges
17   for the alternate, which would mean that
18   before we begin, that the final selection
19   process we would have 48 jurors, and then the
20   strikes would be used against those two
21   panels.
22             All right.  Those are some of the
23   procedural issues that I had on my list.
24   Mr. Smith, I have not addressed the United
25   States with respect to the issues of the

1    continuance.  What is the position of the
2    United States with respect to the motions that
3    were made previously?
4         MR. SMITH:  Your Honor, we do not
5    object and would state to the Court that in
6    the interest of fairness, I think to Mark
7    Baird and his attorney, there is an enormous
8    amount of material for his counsel to cover.
9    And we also have, as I've already alluded to,
10   expectations of a superseding indictment which
11   will have some substantive changes, quite
12   significant for some of these defendants and
13   --
14        THE COURT:  Will it relate to the
15   amount of discovery that has been produced to
16   date?
17        MR. SMITH:  Yes, there will be
18   additional discovery that's going to be
19   produced as a result.  There have been
20   sizable quantities of drugs that have been
21   ceased and those will be the subject matter
22   which we're going to cover with the grand
23   jury, and there will be lab reports and other
24   information, I'm sure, that will have to be
25   discovered.

1    THE COURT: All right. Will the
2    United States be in a position to begin trial
3    on November 9th, assuming that there are
4    additional parties added and counts that are
5    added?
6    MR. SMITH: I believe that we will
7    be, Your Honor.
8    THE COURT: All right. Now, the
9    motion for continuance that was made
10   previously, I believe on behalf of Mr. Cox.
11   Mr. Cox, you may want to speak to this. As
12   you know, that motion was denied without
13   prejudice so it could be addressed again in
14   the pretrial conference. And I think
15   Mr. White was the last defendant that was
16   added in the case, and so, therefore, although
17   you have a couple of attorneys that are
18   working on the case, you've had perhaps less
19   time than Ms. Nicholson to look at some of
20   these issues.
21   Based on the information that you
22   have received to date, do you believe that in
23   all candor to the Court that you'll be in a
24   position to go to trial -- to begin trial on
25   November 9th?

1          MR. COX:  Yes, sir.

2          THE COURT:  All right.

3          MR. COX:  I do have one conflict in

4    my calendar.  I'll work hard to resolve that,

5    but in terms of just being ready on November

6    9th, yes.

7          THE COURT:  All right.  I appreciate

8    that.

9          MR. COX:  Yes, sir.

10          THE COURT:  And, Mrs. Nicholson,

11    again, you were I guess the last attorney that

12    was added in the case, and I know you have a

13    very busy caseload, but in your opinion, do

14    you believe you will be able to review

15    documents and be ready to go on November 9th?

16          MS. NICHOLSON:  Judge, I will

17    certainly make a concerted effort, but I would

18    like to inform you that I'm a presenter at the

19    Kentucky Law Update on the 9th and 10th, and I

20    can't remember which date they've put me on

21    the slate for.  So should I just tell them to

22    take me off the slate?

23          THE COURT:  Well, what I'm going to

24    do is, if your -- I guess your -- at this

25    point, you'd be making an oral motion to

1    continue the trial, so there's not technically

2    a pending motion before the Court?

3              MS. NICHOLSON:  Yes, Your Honor.

4              THE COURT:  Assume that based upon

5    what I heard earlier that the other

6    defendants, with the exception of Mr. Salyers

7    will join in the motion, but your request

8    would be that we'd not start until the

9    following Monday, is that --

10             MS. NICHOLSON:  Correct, Judge.

11             THE COURT:  -- would that be your

12   request?

13             MS. NICHOLSON:  Yes, Judge.

14             THE COURT:  All right.  All right.

15   Well, I will certainly consider that, and

16   provided that a superseding indictment is

17   returned.  What I'm going to do is I'm going

18   to wait to rule on the motion until I see

19   exactly what's filed in the case.  In all

20   likelihood, the motion will be sustained, but

21   I'm not going to do that until I see what, if

22   anything, it looks like.  If for some reason

23   the grand jury were to decide not to return a

24   I guess it would be a third superseding

25   indictment, then that may affect the amount of

1    time that will need to be set aside for the
2    case and some other things.  But in all
3    likelihood, I would likely sustain the motion
4    and continue the trial date until that Monday
5    that would follow the 9th, Ms. Nicholson.
6    That would allow the attorneys to attend that
7    need to attend and also to making
8    presentations in the case.
9         But again, my plan would be to
10   complete this trial by the end of the year,
11   keeping in mind that we have holidays at the
12   end of the year that we would need to take
13   into account.
14        Do any of the attorneys believe that
15   if we were to start it would be November 14th
16   is the day we would be looking at, is there
17   anyone that believes that if we were to start
18   on the 14th that we could not complete the
19   trial by the end of the year?  That would give
20   us essentially six weeks to work then.
21        All right.  All right.  Mr. Smith,
22   now, I want to turn to you and then I want to
23   go to the defendants and see if there are any
24   additional procedural issues that need to be
25   taken up before we get to a couple of the

1    motions that may not be ripe, but I do at

2    least want to address those with the parties.

3    Anything else on behalf of the United States?

4            MR. SMITH:  No, Your Honor.

5            THE COURT:  All right.  Mr. Hibbard,

6    anything else on behalf of Mr. Holland?

7            MR. HIBBARD:  No, Your Honor, other

8    than one housekeeping matter.

9            The orders overruling the motions,

10    were those done very recently?

11            THE COURT:  There were two motions

12    that were raised, I believe, that I addressed

13    last week.  It was toward the end of last week

14    that I would have addressed those motions.  I

15    believe -- Ms. Nicholson, had you filed a

16    motion?

17            MS. NICHOLSON:  Yes, Your Honor.

18            THE COURT:  And I believe there's a

19    pending motion on behalf of Mr. White.  I know

20    that I have addressed both of those motions,

21    and I also know that with respect to

22    Mr. White's motion that it was denied without

23    prejudice being addressed at the pretrial

24    conference.

25            MR. HIBBARD:  The only reason I ask,

1    Your Honor, is I never received the order and
2    I think Mr. Edwards who receives things
3    electronically has never received those
4    either, so some of us want to check.
5              THE COURT:  We will certainly check
6    into that.
7              MR. HIBBARD:  Thank you.
8              THE COURT:  Mr. Baird's motion to
9    continue was denied on the 24th and it's
10   docket entry 317 in the case, and the order as
11   to Mr. White I believe is document number 322
12   and that was also on the 24th.  All right.
13             Mr. Edwards, anything else on behalf
14   of Mr. Davidson that needs to be raised?
15             MR. EDWARDS:  No, Your Honor.
16             THE COURT:  All right.  Thank you.
17   Ms. Nicholson, anything else that we haven't
18   covered at this time?
19             MS. NICHOLSON:  Not at this
20   time, Judge.
21             THE COURT:  All right.  Mr. Coffey?
22             MR. COFFEY:  No, Your Honor.
23             THE COURT:  Mr. Despotes, anything on
24   behalf of Mr. Couch?
25             MR. COUCH:  Your Honor, I would ask

1    the Court to consider a bond reduction for
2    Melvin.  This case has been continued twice at
3    no fault of Melvin's.  Each time the
4    Government has reindicted people, added
5    charges, and this case has been put off
6    twice.  For that reason, I ask the Court to
7    consider possible bond reduction for Melvin.
8            THE COURT:  All right.  I'll
9    certainly consider that as an oral motion --
10           MR. EDWARDS:  Yes, sir.
11           THE COURT:  -- to be released on bond
12   or under other conditions.  I'll have to go
13   back and look at the file of the Magistrate's
14   determinations to that issue, but obviously,
15   that's one of the reasons that I do want to
16   get this case to trial as quickly as possible.
17           MR. EDWARDS:  I understand, and
18   that's why you denied the motion to continue
19   and say if it was proper.
20           THE COURT:  I understand.
21           MR. EDWARDS:  One other matter, Your
22   Honor, has to do with scheduling, and I
23   understand all of these attorneys are busy and
24   in a lot of that as well.  I do have an oral
25   argument before the 6th Circuit Court of

1    Appeals in December, and I don't know if you
2    accepted the 7th.  I believe that's the only
3    thing I have scheduled that's not movable, but
4    they may work with me.  I don't know.  But
5    that's the only thing I have on my docket
6    right now that's probably inflexible, but
7    every one of the others I could move until the
8    end of the year.
9              THE COURT:  That's a Wednesday?
10             MR. EDWARDS:  I believe that's a
11   Wednesday.
12             THE COURT:  When we get closer to
13   that date if it does appear that we have a
14   little bit of flexibility, then I'll certainly
15   try to accommodate everyone as best I can.
16   Thank you.
17             Mr. Hoskins, anything you have for
18   Mr. Lewis?
19             MR. HOSKINS:  No, Your Honor.
20             THE COURT:  Thank you.  Mr. Crabtree,
21   or Ms. Carnes, anything on behalf of
22   Mr. Demling?
23             MR. CRABTREE:  Judge, it's my
24   understanding, it's my understanding that
25   Defendant White has filed a motion to suppress

1    the fruits of the electronic surveillance.
2    I'm not sure whether that will be heard by you
3    or Magistrate Judge Johnson.
4          THE COURT:  Well, the way I'm going
5    to handle that is anything that I address
6    initially in terms of the electronic
7    surveillance or any motions to suppress search
8    warrants that I had signed will go to the
9    Magistrate for report and recommendation, and
10   then Judge Caldwell will review those.
11         MR. CRABTREE:  I only intended to say
12   if you intended to hear that, that we would
13   join that, but I will file a written
14   motion for you.
15         THE COURT:  That would be
16   preferable.  But that's the practice that I'm
17   going to follow in the case.
18         There are a couple of motions that
19   aren't ripe yet that I think were filed on
20   behalf of Mr. White that I was going to advise
21   the parties that that was going to be the
22   procedure that we follow with those.
23         MR. CRABTREE:  We have nothing else
24   on behalf Mr. Demling.
25         THE COURT:  All right.  Thank you,

```
 1     Mr. Crabtree.  Mr. Croley, anything on behalf
 2     of Ms. Smith?
 3              MR. CROLEY:  Just likewise, Your
 4     Honor, we'll be joining in the motion to
 5     suppress the electronic surveillance, but
 6     nothing else.
 7              THE COURT:  All right.  Thank you.
 8     And, Mr. Cox?
 9              MR. COX:  No, Your Honor.
10              THE COURT:  All right.  Thank you.
11     And, Mr. Cox, were you able to follow what I
12     was saying to Mr. Crabtree about the way that
13     any motions that would relate to the
14     electronic surveillance or to the warrants
15     that were issued would be handled?
16              MR. COX:  Yes.  So if I'm
17     understanding correctly, is Magistrate Judge
18     Johnson would do the initial --
19              THE COURT:  If there's a hearing
20     that's necessary, he would conduct the hearing
21     and issue a report and recommendation that
22     would then go to Judge Caldwell for review, as
23     opposed to me.
24              MR. COX:  If we were going to file
25     exceptions or something like that, it would
```

1 all go to Judge Caldwell?

2    THE COURT: That would go to her.

3    MR. COX: So we should just schedule

4 that hearing with Judge Johnson?

5    THE COURT: That should be scheduled,

6 as soon as it's been fully briefed that there

7 is a need for a hearing. It may be that there

8 are some matters in the case that could be

9 resolved without necessity of a hearing. But

10 if a hearing is necessary, he would conduct

11 the hearing and would make a report and

12 recommendation on that. All right. Anything

13 else other than what has been covered so far?

14 If not, I would like to refer specifically to

15 the motions that have been filed in the case.

16 I believe there are about five motions that

17 are pending.

18    First is the motion to suppress

19 fruits of the electronic surveillance and the

20 results of the search warrant filed on behalf

21 of Mr. White. That's docket entry 316, and

22 that is one of those motions that would be

23 referred for a hearing and then for final

24 resolution by Judge Caldwell. I believe the

25 -- that may be an earlier motion as well.

1    Yes.  There's an earlier motion docket entry

2    292, a motion to severe on behalf of Mr. White

3    and for a separate trial.  I will be

4    addressing that motion as soon as the R & R

5    has been prepared.  I don't know.  Has there

6    been a hearing requested on that?

7             MR. SMITH:  No, Your Honor.

8             THE COURT:  All right.

9             MR. COX:  Judge, I will need to be

10   here.  An R & R?

11            THE COURT:  A report and

12   recommendation.  I'm sorry.

13            MR. COX:  That's okay.

14            THE COURT:  As soon as the Magistrate

15   Judge issues his report and recommendation,

16   that issue would come to me because I don't

17   think that involves either the electronic

18   surveillance or the warrants that were issued

19   in the case.  So I would address that as soon

20   as it's ripe.

21            Also, there's a motion to suppress,

22   it's a separate motion to suppress the

23   evidence ceased from Mr. White's home, and

24   that's docket entry 318.  That would be

25   addressed by the Magistrate Judge in the first

1    instance, and then it would be addressed by
2    Judge Caldwell.
3           And then there are three other
4    motions that are really discovery matters, it
5    appears.  First is a motion to require the
6    United States to provide a notice of intention
7    of other crimes, wrongs or acts, I guess that
8    would be 404(b) evidence.  The United States
9    hasn't -- the time to respond has not expired,
10   and I assume they will want to file written
11   response to that.  Mr. Smith, is that
12   correct?
13          MR. SMITH:  Yes, Your Honor.
14          THE COURT:  And I'll certainly
15   address that as soon as it's been fully
16   briefed.
17          The next is docket entry 320, motion
18   to adopt all motions filed by co-defendants
19   filed on behalf of Mr. White.
20          My inclination would be to deny that
21   motion unless there's a specific issue which
22   you would want to adopt.  If you could
23   identify that, then that certainly would be
24   appropriate, but otherwise, if it's just a
25   catch-all, if I don't know exactly what it is

1    you're adopting, I can't really address that.

2              So what I'll do is I'll deny that

3    motion without prejudice being raised with

4    respect to specific issues.

5              And then finally, there's a motion

6    for discovery as it relates to expert

7    witnesses.  And again, the time to respond has

8    not expired on that and as soon as that has

9    been fully briefed, I will certainly address

10   that as quickly as possible.

11             And I believe that's all the pending

12   motions at this time.  Are there any other

13   motions that I haven't mentioned?

14   Ms. Nicholson?

15             MS. NICHOLSON:  Judge, I just -- in

16   line with the motions that were filed by

17   Mr. White, I filed a -- what I do is I just

18   file requests.  I don't necessarily term it in

19   terms of motions.

20             THE COURT:  Right.  And ordinarily I

21   don't need to address it if it's a request for

22   404(b) information, but if it's captioned as a

23   motion, then I'll need to address it at some

24   point.  But I do understand that there are

25   other discovery matters that are being taken

1    up without being captioned as a motion.  There

2    may be other defendants that have taken that

3    same position.

4            Any other matters that need to be

5    taken up on behalf of the United States at

6    this time?

7            MR. SMITH:  No, Your Honor.

8            THE COURT:  Anything else on behalf

9    of any of the other defendants in the case?

10   Yes?

11           MR. COX:  Could you give us a final

12   pretrial date and time?

13           THE COURT:  Yes, I will certainly do

14   that, provided that this case goes to trial on

15   the date that I had mentioned earlier, which

16   is November 14th.  The date that I was looking

17   at originally for pretrial in this case will

18   be October 24th, which I believe is a Monday.

19   Ordinarily, I would schedule the pretrial a

20   little closer to the trial date, but because

21   of the number of parties and the number of

22   issues that I'll need to take up, including

23   voir dire questions and things of that nature,

24   I wanted to give myself a little more time

25   between the pretrial and the trial date, which

1    originally I was looking at November 9th.  But

2    in light of my calendar, I'm going to keep

3    that date of October 24th if the case does go

4    to trial on November 14th.  So we'll still

5    have a couple of weeks before the trial date

6    to have our pretrial conference.  All right?

7                MR. COX:  Your Honor, I have kind of

8    a circuit court trial in Jackson Circuit Court

9    at 9:00.

10                THE COURT:  All right.  We can --

11   well, let's see what we can do to accommodate

12   everyone on the pretrial conference.

13                And let me just open this up and ask

14   if anyone has a conflict on October 25th.

15                MR. COX:  I've sentencing with Judge

16   Coffman at 9:00.

17                THE COURT:  In Lexington?

18                MR. COX:  Yes.

19                THE COURT:  October 26th, do we have

20   conflicts on that date?  Ms. Nicholson?

21                MS. NICHOLSON:  I have a final

22   divorce hearing here in Laurel County, but I

23   can come back and forth on a break, I believe,

24   on that day.

25                THE COURT:  All right.  So the 26th

```
 1      is possibly a date that we can look at.  The
 2      27th of that week, anyone have a conflict on
 3      that day?  Mr. Hoskins?
 4              MR. HOSKINS:  I have a felony trial
 5      in McCreary Circuit Court that day.
 6              THE COURT:  All right.  I assume
 7      that's likely to last more than one day?
 8              MR. HOSKINS:  No, it will probably be
 9      a one-day trial.
10              THE COURT:  All right.  Well, let's
11      -- Ms. Nicholson, we'll go ahead and mark this
12      down for the 26th.  What time is your
13      hearing?
14              MS. NICHOLSON:  Divorce court
15      generally starts at 9:00, but there are
16      several people on the docket, so ...
17              THE COURT:  Well, is that usually
18      over by noon-time?  If I were to set this at
19      1:00, would it help you to make that?
20              MS. NICHOLSON:  No, probably not.
21              THE COURT:  Probably not?  Okay.
22      Then we'll set the pretrial here at 10:00.
23              When we do start trial, the schedule
24      we'll follow is that the jury -- the first day
25      the jury will come in at 9:30, but after that,
```

1       after the jury's selected, we'll start each

2       day at 9:00, and we'll go until 5:00 or 5:30

3       in the afternoon. We'll have one break in the

4       morning around 10:30, and we'll have the

5       second break in the afternoon and perhaps a

6       third break if we need it. So that's the

7       procedure that we need to follow, unless

8       there's a need to take additional breaks for

9       any specific reason. If you do, you just need

10      to let me know that in advance and you don't

11      have to do it in open court. All right?

12      Okay. Any other matters that can be taken up

13      at this time?

14              MR. HIBBARD: Your Honor, so maybe

15      not rulings, but the procedures you outlined

16      earlier for the conduct of the trial, is there

17      going to be an order entered, say, before --

18              THE COURT: No, there's not at this

19      point. There will be after the final

20      pretrial. The reason is that I don't know how

21      many defendants we're going to have. I don't

22      know. If there are five additional people

23      that are added, it could change some of that.

24      If there are fewer defendants that actually go

25      to trial, then it could streamline those

1       numbers and give us a lot more flexibility.
2       So what I wanted to do was to give you an idea
3       now of what I was thinking of without putting
4       anything in stone. So it may change. But if
5       we have the number of parties that we have now
6       to go to trial, then at the final pretrial, I
7       will confirm all of those things.
8                   MR. HIBBARD:   I was wondering if I
9       needed to write some of these things down
10      before I forgot them.
11                  THE COURT:   What I may do is outline
12      in the minutes that the following was
13      discussed, and so you know that that's what we
14      were thinking about, but it's not -- it's not
15      final and it is subject to change. But I will
16      certainly do that.
17                  MR. HIBBARD:   Thank you.
18                  THE COURT:   All right. Any other
19      matters that we can take up at this time?  All
20      right.  If not, we will be in recess.
21                          * * * * *
22                  Thereupon, this concludes the
23      pre-trial hearing in the case of the United
24      States of America vs. Terry Holland, James
25      Henry Davidson, Jr., Mark Edward Baird, Steven

1  Neal Davidson, Randy Salyers, Melvin Couch,

2  Charles Harvey Lewis, Robert N. Demling,

3  Michelle L. Smith, and Jennings B. White.

4                    *   *   *   *   *

1          The undersigned court reporter hereby

2     certifies that:   (1) The foregoing 41 pages

3     represent an accurate and complete

4     transcription of the entire record of the

5     proceedings before the United States District

6     Court for the Eastern District of Kentucky at

7     London, before the Honorable Danny C. Reeves,

8     presiding, in the matter of the United States

9     of America vs. Terry Holland, et al., and (2)

10    These pages constitute an original of the

11    transcript of the proceedings.

12

13

14                    _Sandy C. Wilder_

15                    Sandy C. Wilder,

16                    Court Reporter

17

18

19

20

21

22

23

24

25